**ORIGINAL**

JS 44 - CAND (Rev. 11/04)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON PAGE TWO.)

## I. (a) PLAINTIFFS
THERESA FARRIS as personal representative of RONALD FARRIS (Deceased); and CARLA LEDBETTER as personal representative of JIMMIE L. LEDBETTER (Deceased),

## DEFENDANTS
SMITHKLINE BEECHAM CORPORATION dba GLAXOSMITHKLINE and McKESSON CORPORATION,

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF  **TENNESSEE**
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT **Philadelphia, PA**
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)
David C. Andersen
THE MILLER FIRM, LLC
108 Railroad Avenue
Orange, VA 22960
(540) 672-4224

ATTORNEYS (IF KNOWN)
Donald F. Zimmer, Esq.
Krista L. Cosner, Esq.
Drinker Biddle & Reath
50 Fremont St., 20th Floor
San Francisco, CA 94105

## II. BASIS OF JURISDICTION (PLACE AN 'X' IN ONE BOX ONLY)

- [ ] 1 U.S. Government Plaintiff
- [ ] 2 U.S. Government Defendant
- [ ] 3 Federal Question (U.S. Government Not a Party)
- [X] 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN 'X' IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT)
(For diversity cases only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [ ] 1 | [ ] 1 | Incorporated or Principal Place of Business In This State | [ ] 4 | [X] 4 |
| Citizen of Another State | [X] 2 | [ ] 2 | Incorporated and Principal Place of Business In Another State | [ ] 5 | [X] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. ORIGIN (PLACE AN "X" IN ONE BOX ONLY)

- [ ] 1 Original Proceeding
- [X] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from Another district (specify)
- [ ] 6 Multidistrict Litigation
- [ ] 7 Appeal to District Judge from Magistrate Judgment

## V. NATURE OF SUIT (PLACE AN "X" IN ONE BOX ONLY)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| 110 Insurance | PERSONAL INJURY / PERSONAL INJURY | 610 Agriculture | 422 Appeal 28 USC 158 | 400 State Reapportionment |
| 120 Marine | 310 Airplane / 362 Personal Injury Med Malpractice | 620 Other Food & Drug | 423 Withdrawal 28 USC 157 | 410 Antitrust |
| 130 Miller Act | 315 Airplane Product Liability / [X] 365 Personal Injury Product Liability | 625 Drug Related Seizure of Property 21 USC 881 | PROPERTY RIGHTS | 430 Banks and Banking |
| 140 Negotiable Instrument | 320 Assault Libel & Slander / 368 Asbestos Personal Injury Product Liability | 630 Liquor Laws | 820 Copyrights | 450 Commerce/ICC Rates/etc. |
| 150 Recovery of Overpayment & Enforcement of Judgment | 330 Federal Employers Liability | 640 RR & Truck | 830 Patent | 460 Deportation |
| 151 Medicare Act | 340 Marine / PERSONAL PROPERTY | 650 Airline Regs | 840 Trademark | 470 Racketeer Influenced and Corrupt Organizations |
| 152 Recovery of Defaulted Student Loans (Excl Veterans) | 345 Marine Product Liability / 370 Other Fraud | 660 Occupational Safety/Health | SOCIAL SECURITY | 480 Consumer Credit |
| 153 Recovery of Overpayment of Veteran's Benefits | 350 Motor Vehicle / 371 Truth in Lending | 690 Other | 861 HIA (1395ff) | 490 Cable/Satellite TV |
| 160 Stockholders Suits | 355 Motor Vehicle Product Liability / 380 Other Personal Property Damage | LABOR | 862 Black Lung (923) | 810 Selective Service |
| 190 Other Contract | 360 Other Personal Injury / 385 Property Damage Product Liability | 710 Fair Labor Standards Act | 863 DIWC/DIWW (405(g)) | 850 Securities/Commodities/Exchange |
| 195 Contract Product Liability |  | 720 Labor/Mgmt Relations | 864 SSID Title XVI | 875 Customer Challenge 12 USC 3410 |
| 196 Franchise |  | 730 Labor/Mgmt Reporting & Disclosure Act | 865 RSI (405(g)) | 891 Agricultural Acts |
| REAL PROPERTY | CIVIL RIGHTS / PRISONER PETITIONS | 740 Railway Labor Act | FEDERAL TAX SUITS | 892 Economic Stabilization Act |
| 210 Land Condemnation | 441 Voting / 510 Motion to Vacate Sentence Habeas Corpus: | 790 Other Labor Litigation | 870 Taxes (US Plaintiff or Defendant) | 893 Environmental Matters |
| 220 Foreclosure | 442 Employment / 530 General | 791 Empl. Ret. Inc. Security Act | 871 IRS - Third Party 26 USC 7609 | 894 Energy Allocation Act |
| 230 Rent Lease & Ejectment | 443 Housing / 535 Death Penalty |  |  | 895 Freedom of Information Act |
| 240 Torts to Land | 444 Welfare / 540 Mandamus & Other |  |  | 900 Appeal of Fee Determination Under Equal Access to Justice |
| 245 Tort Product Liability | 440 Other Civil Rights / 550 Civil Rights |  |  | 950 Constitutionality of State Statutes |
| 290 All Other Real Property | 445 Amer w/ disab - Empl / 555 Prison Condition |  |  | 890 Other Statutory Actions |
|  | 446 Amer w/ disab - Other |  |  |  |

## VI. CAUSE OF ACTION (CITE THE US CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY)
28 U.S.C. Section 1332

## VII. REQUESTED IN COMPLAINT:
[ ] CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $ See Below  In excess of jurisdiction amount.
CHECK YES only if demanded in complaint:
JURY DEMAND: [X] YES [ ] NO

## VIII. RELATED CASE(S) IF ANY
PLEASE REFER TO CIVIL L.R. 3-12 CONCERNING REQUIREMENT TO FILE "NOTICE OF RELATED CASE".

## IX. DIVISIONAL ASSIGNMENT (CIVIL L.R. 3-2)
(PLACE AN "X" IN ONE BOX ONLY)
[X] SAN FRANCISCO/OAKLAND   [ ] SAN JOSE

DATE March 18, 2008   SIGNATURE OF ATTORNEY OF RECORD  /s/ Krista L. Cosner

NDC-JS44

ORIGINAL

1  DONALD F. ZIMMER, JR. (State Bar No. 112279)
2  KRISTA L. COSNER (State Bar No. 213338)
   DRINKER BIDDLE & REATH LLP
3  50 Fremont Street, 20th Floor
   San Francisco, California 94105
4  Telephone: (415) 591-7500
   Facsimile: (415) 591-7510

E-filing

5  Attorneys for Defendants
6  SMITHKLINE BEECHAM CORPORATION dba
   GLAXOSMITHKLINE and McKESSON
7  CORPORATION

8              UNITED STATES DISTRICT COURT
9              NORTHERN DISTRICT OF CALIFORNIA
10                 SAN FRANCISCO DIVISION

11 
12 THERESA FARRIS as personal          Case No.  CV 08 1506
   representative of RONALD FARRIS
13 (Deceased); and CARLA LEDBETTER as  NOTICE OF REMOVAL AND
   personal representative of JIMMIE L. REMOVAL ACTION UNDER 28 U.S.C.
14 LEDBETTER (Deceased),               § 1441(B) (DIVERSITY) and 28 U.S.C. §
                                       1441(C) (FEDERAL QUESTION) OF
15                Plaintiffs,          DEFENDANT SMITHKLINE
                                       BEECHAM CORPORATION d/b/a
16       v.                            GLAXOSMITHKLINE

17 SMITHKLINE BEECHAM
   CORPORATION dba
18 GLAXOSMITHKLINE; and McKESSON
   CORPORATION,
19
                  Defendants.
20

21 **TO THE CLERK OF THE COURT:**

22       Defendant Smithkline Beecham Corporation d/b/a GlaxoSmithKline ("GSK"),

23 hereby removes to this court, the state action described below. Removal is warranted

24 under 28 U.S.C. § 1441 because this is an action over which this Court has original

25 jurisdiction under 28 U.S.C. §§ 1331 and 1332.

26 **I.    BACKGROUND**

27       1.    On January 24, 2008, Plaintiffs Theresa Farris and Carla Ledbetter

28 ("Plaintiffs"), represented by The Miller Firm of Orange, Virginia, commenced this

1  action in the Superior Court of the State of California for the County of San Francisco. A
2  true and correct copy of the Complaint in the action is attached as Exhibit "A" to the
3  Declaration of Krista L. Cosner in Support of Notice of Removal and Removal Action
4  under 28 U.S.C. § 1441(b) and 28 U.S.C. § 1441(c) (Federal Question) of Defendant
5  SmithKline Beecham Corporation dba GlaxoSmithKline (hereinafter "Cosner Decl.").

6  　　　2.　　Defendants filed their answer to Plaintiffs' Complaint on March 17, 2008.
7  A true and correct copy of the Answer is attached as Exhibit "B" to Cosner Decl. There
8  have been no additional proceedings in the state court action. Cosner Decl. ¶ 3.

9  　　　3.　　This is one of many cases that have been filed recently in both federal and
10 state court across the country involving the prescription drug Avandia®. Cosner Decl. ¶
11 6. Plaintiffs' counsel, The Miller Firm, has filed Avandia cases in both state and federal
12 courts, but only in the cases filed in California has The Miller Firm named McKesson, or
13 any distributor, as a defendant. Cosner Decl. ¶ 7.

14 　　　4.　　On October 16, 2007, the Judicial Panel on Multidistrict Litigation
15 ("JPML") issued an order directing that then-pending Avandia-related cases be
16 transferred and coordinated for pretrial proceedings in the United States District Court for
17 the Eastern District of Pennsylvania, before the Honorable Cynthia M. Rufe, pursuant to
18 28 U.S.C. § 1407. *See* Transfer Order, *In re Avandia Marketing, Sales Practices and*
19 *Products Liability Litigation*, MDL 1871 (E.D.P.A.) (a true and correct copy of which is
20 attached as Exhibit "C" to Cosner Decl.). Additional Avandia-related cases pending in
21 federal court, which are common to the actions previously transferred to the Eastern
22 District of Pennsylvania and assigned to Judge Rufe, are treated as potential tag-along
23 actions. *See id.*; *see also* Rules 7.4 and 7.5, R.P.J.P.M.L. 199 F.R.D. 425, 435-36 (2001).
24 GSK intends to seek the transfer of this action to that Multidistrict Litigation, *In re*
25 *Avandia Marketing, Sales Practices and Products Liability Litigation*, MDL 1871, and
26 shortly will provide the JPML with notice of this action pursuant to the procedure for
27 "tag along" actions set forth in the rules of the JPML. Cosner Decl. ¶ 8.
28 　　　5.　　As more fully set forth below, this case is properly removed to this Court

DRINKER BIDDLE & REATH LLP
50 Fremont Street, 20th Floor
San Francisco, CA 94105

SF1\397048\1

NOTICE OF REMOVAL AND REMOVAL　　　　　　　　　　　　　　　　　　　　　　CASE NO.

pursuant to 28 U.S.C. § 1441 because GSK has satisfied the procedural requirements for removal and this Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1332.

## II. DIVERSITY JURISDICTION

6. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332 because this is a civil action in which the amount in controversy exceeds the sum of $75,000, exclusive of costs and interest, and is between citizens of different states.

### A. Diversity Of Citizenship

7. The Complaint names two individual plaintiffs. *See* Cosner Decl., Exh. A, ¶¶ 10-12:

    a. Plaintiff Theresa Farris, surviving spouse of Ronald Farris, alleges that she is a resident of the State of Tennessee. Accordingly, at the time this action was commenced, she was a citizen of the State of Tennessee. *Id.* at ¶ 10.

    b. Plaintiff Carla Ledbetter, personal representative of decedent Jimmie L. Ledbetter, alleges that she was a resident of the State of Arkansas at the time of decedent's death. Accordingly, at the time this action was commenced, she was a citizen of the State of Arkansas. *Id.* at ¶ 11.

8. GSK is, and was at the time Plaintiffs commenced this action, a corporation organized under the laws of the Commonwealth of Pennsylvania with its principal place of business in Philadelphia, Pennsylvania, and therefore, is a citizen of Pennsylvania for purposes of determining diversity. 28 U.S.C. § 1332(c)(1). Cosner Decl. ¶ 9.

9. As explained in detail below, the remaining named defendant – McKesson, a Delaware corporation, with its principal place of business in San Francisco, California – is fraudulently joined in this lawsuit and its citizenship must be ignored for the purpose of determining the propriety of removal. *See* Declaration of Gregory Yonko in support of Notice of Removal and Removal Action under 28 U.S.C. § 1441(b) (Diversity) and 28 U.S.C. § 1441(c) Federal Question) of Defendant SmithKlineBeecham Corporation dba

DRINKER BIDDLE & REATH LLP
50 Fremont Street, 20th Floor
San Francisco, CA 94105

SF1\397048\1

NOTICE OF REMOVAL AND REMOVAL

3

CASE NO.

GlaxoSmithKline, attached hereto as Cosner Decl. Exh. D,[1] *see also McCabe v. General Foods*, 811 F.2d 1336, 1339 (9th Cir. 1987). Accordingly, there is complete diversity of citizenship and the forum defendant rule is not implicated in this case.

### B. The Amount In Controversy Requirement Is Satisfied

10. It is apparent on the face of the Complaint that Plaintiffs seek an amount in controversy in excess of $75,000, exclusive of costs and interest.

11. Plaintiffs allege that, as a result of their Avandia use, Plaintiffs' decedents "suffered heart injury, excessive fluid retention, fluid-overload disease, liver damage, liver failure, stroke, and severe injury to the heart leading to cardiac arrest." *See* Cosner Decl., Exh. A, ¶ 34.

12. Plaintiffs claim to have "suffered extensive monetary and pecuniary losses and other compensatory damages," and to have "incurred and paid out necessary medical, hospital, and concomitant expenses." *See* Cosner Decl. Exh. A, ¶ 42.

13. Plaintiffs seek actual, punitive and exemplary damages. *See* Cosner Decl., Exh. A, ¶ 44.

14. Punitive damages are included in the calculation of the amount in controversy. *See Bell v. Preferred Life Assurance Society*, 320 U.S. 238, 240 (1943).

15. Given the allegations set forth above, the face of the Complaint makes clear that Plaintiffs seek in excess of $75,000, exclusive of interest and costs. *See Simmons v. PCR Tech.*, 209 F. Supp. 2d 1029, 1031 (N.D. Cal. 2002).

### C. The Citizenship Of McKesson Must Be Ignored Because McKesson Is Fraudulently Joined

16. A defendant is fraudulently joined, and its presence in the lawsuit is

---

[1] The Declaration of McKesson's representative, Greg Yonko may be considered by the Court in determining whether McKesson is fraudulently joined. *Maffei v. Allstate California Ins. Co.*, 412 F.Supp.2d 1049 (E.D. Cal. 2006) ("[t]he court may pierce the pleadings, consider the entire record, and determine the basis of joinder by any means available") *citing Lewis v. Time, Inc.*, 83 F.R.D. 455 (E.D. Cal. 1979) ("it is well settled that upon allegations of fraudulent joinder…federal courts may look beyond the pleadings to determine if the joinder…is a sham or fraudulent device to prevent removal"). *See also Ritchey v. Upjohn Drug Co.*, 139 F.3d 1313, 1318-19 (9th Cir. 1998) (evidence may be presented by the removing party that there is no factual basis for the claims pleaded against the local defendant).

ignored for purposes of determining diversity, "if the plaintiff fails to state a cause of action against the resident defendant, and the failure is obvious according to the settled rules of the state." *Morris v. Princess Cruises, Inc.*, 236 F.3d 1061, 1067 (9th Cir. 2001); *see also Hamilton Materials, Inc. v. Dow Chemical Corporation*, 494 F.3d. 1203, (9th Cir. 2007), 2007 WL 2080179 at *1 (9th Cir. 2007).

17.  McKesson is fraudulently joined because Plaintiffs have failed to make any material allegations against it. *See Brown v. Allstate Insur.*, 17 F. Supp. 2d 1134, 1137 (S.D. Cal. 1998) (finding in-state defendants fraudulently joined where "no material allegations against [the in-state defendants] are made"). Plaintiffs specifically allege that Avandia was created and marketed by GSK; that GSK had longstanding knowledge of Avandia-related dangers which GSK failed to adequately warn and disclose to consumers; that GSK concealed, suppressed and failed to disclose these referenced dangers; that GSK has represented and has continued to represent that it manufactures and/or sells safe and dependable pharmaceuticals; that GSK has failed to adequately warn or inform consumers, such as Plaintiffs or Plaintiffs' prescribing physicians of known defects in Avandia; and that as a result of GSK's omissions and/or misrepresentations, Plaintiffs ingested Avandia. *See* Cosner Decl. Exh. A, at ¶¶ 22, 26-28, 31, 34.

18.  Plaintiffs fail to make any specific material assertions against McKesson, and do not allege that they ingested Avandia that was distributed by McKesson, compelling the conclusion that Plaintiffs have fraudulently joined McKesson in an attempt to defeat diversity jurisdiction. *See e.g., Lyons v. American Tobacco Co.*, No. Civ. A. 96-0881-BH-S, 1997 U.S. Dist. LEXIS 18365 (S.D. Ala. 1997) (holding that there is "no better admission of fraudulent joinder of [the resident defendant]" than the failure of the plaintiff "to set forth any specific factual allegations" against them). Plaintiffs cannot cure this deficiency by simply relying on allegations directed toward "Defendants" or GSK alone.

19.  In the body of the Complaint, Plaintiffs assert claims of: (1) negligence; (2) negligent failure to adequately warn; (3) negligence per se; (4) negligent

DRINKER BIDDLE & REATH LLP
50 Fremont Street, 20th Floor
San Francisco, CA 94105

SF1\397048\1

NOTICE OF REMOVAL AND REMOVAL

5

CASE NO.

misrepresentation; (5) breach of express warranty; (6) breach of implied warranty; (7) strict products liability – defective design; (8) strict products liability – manufacturing and design defect; (9) strict products liability – failure to adequately warn; (10) fraudulent misrepresentation; (11) violations of California Unfair Trade Practices and Consumer Protection Law; (12) unjust enrichment; (13) wrongful death; (14) survival action; (15) loss of consortium and (16) punitive damages. In these allegations, Plaintiffs aver that collectively, "Defendants" or "Defendants GSK and McKesson," defectively designed and manufactured the product; concealed knowledge of unreasonably dangerous risks associated with the product; failed to conduct adequate and sufficient pre-clinical testing and post-marketing surveillance of the product; failed to provide FDA with complete and adequate information regarding the product; failed to warn consumers and/or their health care providers of certain risks associated with the product; failed to utilize adequate and non-misleading labeling; and made affirmative misrepresentations and omissions regarding the risks associated with taking Avandia. All of these claims are substantively based on the design and manufacture of the product, failure to warn, fraudulent concealment, and inadequate pre-clinical testing and post-marketing surveillance. As a wholesale distributor of Avandia, McKesson played no role in its testing, marketing or advertising. All McKesson did was pass along unopened boxes of Avandia, in unadulterated form, to hospitals and other businesses in the healthcare industry. *See* Cosner Decl., Exh. D, ¶¶ 6-7.

20. Further, based on the "learned intermediary" doctrine, McKesson bore no duty to warn Plaintiffs. The "learned intermediary" doctrine, the foundation of prescription drug product liability law, provides that the duty to warn about a drug's risks runs from the manufacturer to the physician (the "learned intermediary"), and then from the physician to the patient. *See Brown v. Superior Court (Abbott Labs.)*, 44 Cal. 3d 1049, 1061-62, n.9 (1988); *Carlin v. Superior Court (Upjohn Co.)*, 13 Cal. 4th 1104, 1116 (1996). It is the physician, and only the physician, who is charged with prescribing the appropriate drug and communicating the relevant risks to the patient. *See Brown*, 44 Cal.

3d at 1061-62.

21.  GSK and the FDA prepared the information to be included with the prescription drug, Avandia, with the FDA having final approval of the information that could be presented. Once the FDA has determined the form and content of the information, it is a violation of federal law to augment the information. *See* 21 U.S.C. §331(k) (prohibiting drug manufacturers and distributors from causing the "alteration, mutilation, destruction, obliteration, or removal of the whole or any part of the labeling" of an FDA-approved drug held for sale); *Brown v. Superior Court*, 44 Cal.3d 1049, 1069 n.12 (noting that the FDA regulates the testing, manufacturing, and marketing of drugs, including the content of their warning labels). Therefore, any safety and warning information McKesson had about Avandia would have come from GSK in the form of FDA-approved packaging and labeling. McKesson could not change the labeling it was given by GSK as approved by the FDA without violating federal law. No duty can be found where it requires a party to violate the law to fulfill it.

22.  As such, given the lack of a causal connection between the injuries alleged by Plaintiffs and McKesson's conduct, as well as the absence of any legal or factual basis for Plaintiffs' claims against McKesson, McKesson's joinder is fraudulent and its citizenship should be ignored for purposes of determining the propriety of removal.

### III. FEDERAL QUESTION JURISDICTION

23.  This Court has federal question jurisdiction over Plaintiffs' claims under 28 U.S.C. § 1331 and the principles set forth in *Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg.*, 125 S. Ct. 2363 (2005).

24.  As more fully explained below, Plaintiffs have made violations of federal law critical elements of several of their claims.

#### A. Plaintiffs' Claims Require Construction and Application of the FDCA and Its Implementing Regulations

25.  Count III of Plaintiffs' Complaint, "Negligence Per Se," explicitly alleges that defendants violated federal law. Plaintiffs claim, *inter alia*, that "[d]efendants

DRINKER BIDDLE & REATH LLP
50 Fremont Street, 20th Floor
San Francisco, CA 94105

1  "violated the Federal Food, Drug and Cosmetic Act, 21 U.S.C. Section 301 *et seq.,*
2  related amendments and codes and federal regulations provided thereunder, and other
3  applicable laws, statutes, and regulations." *See* Cosner Decl., Exh A, ¶ 55.
4      26.    Plaintiffs further claim that "[d]efendants' acts constituted an adulteration
5  and/or misunderstanding *[sic]* as defined by the Federal Food, Drug and Cosmetic Act,
6  21 U.S.C. § 331. . . ." *See* Cosner Decl., Exh A, ¶ 57.
7      27.    Moreover, Count II of the Plaintiffs' Complaint, "Negligent Failure to
8  Adequately Warn," and Count IX, "Strict Products Liability – Failure to Adequately
9  Warn," also require construction and application of the FDCA and implementing federal
10 regulations, which govern approval of prescription drugs and regulate prescription drug
11 manufacturers' public and promotional statements, including all aspects of warnings and
12 labeling.
13     28.    As a currently-marketed prescription drug, Avandia is subject to extensive
14 regulation by the FDA. The FDCA requires the FDA to ensure that "drugs are safe and
15 effective" for their intended uses, 21 U.S.C. § 393(b)(2)(B), in part by "promptly and
16 officially reviewing clinical research and taking appropriate action on the marketing of
17 regulated products." 21 U.S.C. § 393(b)(1). The Secretary of the FDA has the authority
18 to promulgate regulations to enforce the FDCA, which are codified in the *Code of*
19 *Federal Regulations*, 21 C.F.R. § 200, *et seq. See* 21 U.S.C. § 371(a).
20     29.    To accomplish its purpose, the FDA maintains a Center for Drug
21 Evaluation and Research (the "CDER"). The CDER regulates pharmaceutical
22 companies' development, testing and research, and manufacture of drugs. The CDER
23 examines data generated by these companies to conduct a risk/benefit analysis and make
24 an approval decision. The CDER also ensures truthful advertising for prescription drugs,
25 in part by approving Package Inserts that properly outline benefit and risk information.
26 Once drugs are marketed, the CDER continues to monitor them for unexpected health
27 risks that may require public notification, a change in labeling, or removal of the product
28 from the market. In short, the CDER evaluates and monitors the effectiveness and safety

of prescription drugs. *See* http://www.fda.gov/cder/about/faq/default.htm.

30. Promotional communications to physicians about Avandia are contained within, and restricted by, warning, labeling, and promotional materials, such as the Package Insert, that are approved and monitored by the FDA to ensure the provision of accurate information about the drug's respective risks and benefits. Under federal regulations, even claims in promotional labeling or advertising must be consistent with approved labeling. 21 C.F.R. § 202.1(e)(4) (2005).

31. The FDA's responsibility to regulate prescription drugs sold in the United States, and to enforce laws with respect to such drugs, inclusive of the precise content and format of prescription drug labeling (*e.g.*, the instructions, warning, precautions, adverse reaction information provided by manufacturers, and marketing materials), is plenary and exclusive. *See* 21 U.S.C. § 301, *et seq.*

32. Plaintiffs have explicitly alleged violations of federal law in their "Negligence Per Se" claim, and have made alleged violations of federal law a critical element of their "Negligent Failure to Adequately Warn" and "Strict Products Liability – Failure to Adequately Warn" claims. Accordingly, Plaintiffs' claims necessarily raise substantial federal questions by requiring the Court to construe and apply the FDCA and its implementing regulations.

B. **Federal Control of Drug Labeling and Warning**

33. On January 24, 2006, the FDA announced a rule that includes a detailed and emphatic statement of the FDA's intention that its regulation and approval of prescription drug labeling preempt most state law claims related to the adequacy of prescription drug warnings because such claims frustrate "the full objectives of the Federal law." *See* Requirements on Content and Format of Labeling for Human Prescription Drug and Biologic Products, 71 Fed. Reg. 3922, 3934 (Jan. 24, 2006) ("FDA believes that under existing preemption principles, FDA approval of labeling under the act. . . . preempts conflicting or contrary State law."). *See also In re Bextra and Celebrex Marketing,* 2006 WL 2374742 (N.D. Cal., August 16, 2006) (Celebrex

decision); *In re Bextra and Celebrex Marketing,* 2006 WL 2472484 (N.D. Cal., August 24, 2006) (Bextra decision).

34. Plaintiffs allege that GSK failed to disclose certain risks of Avandia. *See e.g.,* Cosner Decl. Exh. A, ¶¶ 26-27. This allegation necessarily requires Plaintiffs to establish that the FDA, which has exclusive jurisdiction over the labeling of drugs, would have approved the warning the Plaintiffs allege should have been given.

35. Accordingly, there is a substantial federal question with respect to whether Plaintiffs can claim that GSK violated state law in light of the FDA's control of Avandia's labeling and warning and its position on conflict preemption.

### C. The Federal Interest In Providing A Forum

36. The federal government has a strong interest in having a federal court decide several of the issues in this case. Among these issues are:

    a.    whether any conduct of GSK violated any federal laws or regulations related to the labeling and marketing of Avandia; and

    b.    whether the FDA-approved Avandia label was false and misleading, as alleged by Plaintiff, and whether a state may impose liability on GSK for not providing more information regarding certain risks, as Plaintiff contends GSK should have done.

37. Plaintiffs' claims may be vindicated or defeated only by construction of federal statutes and regulations. The availability of a federal forum to protect the important federal interests at issue is therefore consistent with *Grable,* and determination by a federal court of the substantial and disputed federal issues that lie at the heart of this case would not "disturb any congressionally approved balance of federal and state judicial responsibilities." *Grable,* 125 S. Ct. at 2368.

### IV. CONFORMANCE WITH PROCEDURAL REQUIREMENTS

38. This Court has jurisdiction over this matter based on federal question and diversity of citizenship, and the present lawsuit may be removed from the Superior Court of the State of California for the County of San Francisco, and brought before the United

States District Court for the Northern District of California pursuant to 28 U.S.C. §§ 1331, 1332 and 1441.

39. Defendant McKesson was served with Plaintiffs' Complaint on February 19, 2008. *See* Cosner Decl., ¶ 10. Defendant GSK was served with Plaintiffs' Complaint on February 20, 2008. *Id.* Therefore, this Removal has been timely filed within 30 days of service, pursuant to 28 U.S.C. § 1446(b).

40. All of the properly joined and served defendants consent to this removal. Although McKesson's consent to remove is not necessary because it is fraudulently joined, McKesson nonetheless consents to removal. *See* Cosner Decl. Exh. D, ¶ 5. *See also, e.g. Easley v. 3M Company, et al.*, 2007 WL 2888335 (N.D. Cal. 2007) *citing Emrich v. Touche Ross & Co.*, 846 F.2d 1190, 1193 n.1 (9th Cir. 1988).

41. The United States District Court for the Northern District of California is the federal judicial district encompassing the Superior Court of the State of California for the County of San Francisco, where this suit was originally filed. Venue therefore is proper in this district under 28 U.S.C. § 1441(a).

42. Pursuant to the provisions of 28 U.S.C §1 446(d), GSK will promptly file a copy of this Notice of Removal with the clerk of the Superior Court of the State of California for the County of San Francisco, where this suit was originally filed.

43. Defendant reserves the right to amend or supplement this Notice of Removal.

**WHEREFORE**, GSK respectfully removes this action from the Superior Court of the State of California for the County of San Francisco to the United States District Court for the Northern District of California, pursuant to 28 U.S.C. § 1441.

| | | |
|---|---|---|
| 1 | Dated: March 18, 2008 | DRINKER BIDDLE & REATH LLP |
| 2 | | |
| 3 | | /s/ Krista L. Cosner |
| | | DONALD F. ZIMMER, JR. |
| 4 | | KRISTA L. COSNER |
| 5 | | Attorneys for Defendants |
| | | SMITHKLINE BEECHAM |
| 6 | | CORPORATION dba |
| | | GLAXOSMITHKLINE and McKESSON |
| 7 | | CORPORATION |

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28